UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Marc Amouri Bakambia,

        Plaintiff,

v.

Genet Ghebre, et al.,

        Defendants.

Case No. 24-CV-3653 (LMP/DJF)

**ORDER**

---

This matter is before the Court on Plaintiff Marc Amouri Bakambia's self-styled Motion to Supplement Record Prior to Defendants' Responsive Pleading to Complaint ("Motion") (ECF No. 37). The Court construes the Motion as a request to add information to the Complaint (ECF No. 1). But Mr. Bakambia may not simply add information to his pleading without moving to amend the Complaint and attaching to his motion a Proposed Amended Complaint, which must fully incorporate all the information he wishes to include. S*ee* Local Rule 15.1 (stating that a complaint must be a single filing, complete in itself, without reference to any other filings). The Court denies Plaintiff's Motion because it does not comply with these requirements.

To properly amend his Complaint, Mr. Bakambia must: (1.) prepare a Proposed Amended Complaint that incorporates *all* his allegations (including the allegations in his original Complaint), does not refer to or rely upon information contained in any other filing, and attaches any exhibits he wishes to include; (2.) file a motion to amend the complaint; (3.) file his Proposed Amended Complaint along with its exhibits as an attachment to the motion to amend the complaint; (4.) file a statement explaining how the Proposed Amended Complaint is different from his original Complaint, *see* Local Rule 15.1; and (5.) file a meet and confer statement certifying that, before filing his motion to amend, he attempted to contact defense counsel by telephone regarding the

motion. Mr. Bakambia's meet and confer statement must summarize his meet and confer call with defense counsel, verify that the parties made a good faith effort to resolve any disagreements, and state whether Defendants object to the motion.

The Court recognizes that Mr. Bakambia's incarcerated status makes scheduling these phone calls particularly difficult. (*See* ECF No. 39.) Therefore, if Plaintiff's meet and confer statement indicates that Plaintiff attempted to call defense counsel but was unable to do so due to difficulties presented by his incarceration, defense counsel must initiate and facilitate a call to meet and confer with Plaintiff. Following the meet and confer call, defense counsel shall file a statement summarizing the discussion and stating Defendants' position regarding the motion to amend within seven (7) days after the motion is filed. If Mr. Bakambia refuses to participate in a meet and confer call with defense counsel as required by this Order, his motion to amend will be denied.

Finally, the Court directs Mr. Bakambia to several litigation resources available on the Internet, including Rules that may apply in this litigation: the Court's Pro Se Civil Guidebook and Information Sheets , https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets; the Local Rules, https://www.mnd.uscourts.gov/court-info/local-rules-and-orders, and the Federal Rules of Civil Procedure, https://www.law.cornell.edu/rules/frcp.

**IT IS SO ORDERED.**

Dated: January 8, 2025                     *s/ Dulce J. Foster*
                                                      DULCE J. FOSTER
                                                      United States Magistrate Judge