## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARC AMOURI BAKAMBIA, | Case No. 24-cv-3653 (LMP/DJF) |
| Plaintiff, | |
| v. | |
| GENET GHEBRE, PAUL SCHNELL, JEANNE ANDERSON, MIRANDA R. CERNEY, STEPHEN CRAANE, LOUIS SHICKER, KATHY REID, AMBER SWANSON, STEVE RENSTROM, WILLIAM BOLIN, ERIC HENNEN, MICHAEL WARNER, K. HAMMER, GARY, TONY, BESTGEN, OLIVERS, ANGELA GROOMS, CHRISTINE, CHRISTIAN DOBRATZ, DIRECTOR OF NURSING, and ASSOCIATE DIRECTOR OF NURSING, *in their official and individual capacities*, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendants. | |

---

Marc Amouri Bakambia, pro se.

Anthony J. Novak and Julia A. Lines, **Larson King, LLP, St. Paul, MN**, for Defendants Genet Ghebre, Stephen Craane, and Louis Shicker.

Corinne Wright, **Minnesota Attorney General's Office, St. Paul, MN**, for Defendants Paul Schnell, Jeanne Anderson, Miranda R. Cerney, Kathy Reid, Amber Swanson, Steve Renstrom, William Bolin, Eric Hennen, Michael Warner, K. Hammer, Gary, Tony, Bestgen, Olivers, Angela Grooms, Christine, Christian Dobratz, Director of Nursing, and Associate Director of Nursing.

On May 23, 2025, United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") concluding that two claims in Plaintiff Marc Amouri Bakambia's complaint should be permitted to proceed, but only as to three Defendants, and

that the remaining claims and Defendants should be dismissed. *See generally* ECF No. 77. Bakambia objects to the R&R and seeks review by the undersigned United States District Judge pursuant to Federal Rule of Civil Procedure 72. ECF No. 82. For the reasons discussed below, Bakambia's objections are overruled, and the R&R is adopted in full.

## FACTUAL BACKGROUND

Bakambia is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota ("MCF-Stillwater"). ECF No. 1 at 3.[1] He raises a number of allegations against Defendants, including that they: (1) withheld medical care for his chronic health conditions; (2) retaliated against him for lawsuits he filed against them; (3) used excessive force against him; (4) denied him procedural due process and improperly handled his administrative grievances; and (5) violated the Minnesota Government Data Practices Act ("MGDPA"). *See id.* at 36–45.

Bakambia brings several claims against two groups of Defendants who are associated with MCF-Stillwater. *See id.* at 1, 3–10. In the first group are individuals who are employed by the Minnesota Department of Corrections ("DOC"): Paul Schnell, the Minnesota Commissioner of Corrections; William Bolin, the Warden at MCF-Stillwater; Eric Hennen, the Associate Warden of Administration at MCF-Stillwater; Michael Warner, a Lieutenant at MCF-Stillwater; Kristine Hammer and Scott Gary, Sergeants at MCF-Stillwater; Jeanne Anderson, Kathy Reid, Amber Swanson, Angela Grooms, and Christine

---

[1]    For clarity and accuracy of the record, when citing to documents in the record, the Court cites the page numbers applied by CM/ECF rather than internal pagination.

Oberembt, who are medical personnel working in the Health Services Unit at MCF-Stillwater; Miranda R. Cerney, Anthony Corrado, Todd Bestgen, and Michael Oliveras, who are correctional officers at MCF-Stillwater; Steve Renstrom, Bakambia's case worker at MCF-Stillwater; Christian Dobratz, an ombudsman at MCF-Stillwater; and two parties identified only as Director of Nursing and Associate Director of Nursing at MCF-Stillwater (collectively, the "DOC Defendants").[2]  *Id.* at 3–10.  In the second group are individuals who are employed by Centurion, a Texas company that contracts with the DOC to provide medical services to prisoners, and who were involved in coordinating and administering medical care to Bakambia at MCF-Stillwater: Genet Ghebre, Stephen Craane, and Louis Schicker (collectively, the "Centurion Defendants").  *Id.*

The DOC Defendants and Centurion Defendants moved to dismiss Bakambia's complaint, ECF Nos. 54, 62, which Bakambia opposed, ECF No. 69.  Upon carefully considering the parties' arguments, Magistrate Judge Foster entered an R&R concluding that all but two of Bakambia's claims against three of the DOC Defendants—Reid, Oliveras, and Oberembt—should be dismissed.[3]  *See* ECF No. 77 at 44–45.

---

[2]    For clarity and accuracy of the record, Defendants Kristine Hammer, Scott Gary, Anthony Corrado, Todd Bestgen, Michael Oliveras, and Christine Oberembt are identified as such in the DOC Defendants' memorandum of law in support of their motion to dismiss. ECF No. 55 at 1.  They are identified in Bakambia's complaint as K. Hammer, Gary, Tony, Bestgen, Olivers, and Christine, respectively.  ECF No. 1 at 1, 3–10.

[3]    Magistrate Judge Foster concluded that Bakambia has stated plausible claims for deliberate indifference under the Eighth Amendment against Reid, Oliveras, and Oberembt. *See* ECF No. 77 at 26–36.  None of those Defendants objects to the R&R's conclusion that those claims may proceed.

Bakambia generally does not object to the R&R's thorough recitation of the factual background but rather raises objections to several of Magistrate Judge Foster's legal conclusions. *See* ECF No. 82 at 1. Therefore, the Court incorporates the R&R's recitation of the facts, ECF No. 77 at 2–15, and proceeds with analyzing the merits of Bakambia's objections, *see* D. Minn. L.R. 72.2(b)(3).

## STANDARD OF REVIEW

If a party timely raises objections to a magistrate judge's recommended disposition of a dispositive motion, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge need not "conduct a new hearing when ruling on a party's objections" and may "rel[y] on the record of proceedings before the magistrate judge." D. Minn. L.R. 72.2(b)(3).

## ANALYSIS

Bakambia raises several objections and argues that the R&R "overlooked many of [his] claims, ignored some damaging conduct[] of Defendants and their Counsel[], [or] converted some of [his] claims and used different and higher legal standard[s]." ECF No. 82 at 1. Specifically, Bakambia asserts that Magistrate Judge Foster erred in the following ways: (1) by "failing to take judicial notice of Centurion Defendants' Counsel for committing fraud" with their meet-and-confer statement, *id.* at 2; (2) in granting the Centurion Defendants' motion to dismiss "despite their failure to address many allegations

and claims" asserted in the complaint, *id.* at 2–3; (3) in "[n]ormalizing" purported fraudulent and deceptive conduct by various Defendants, *id.* at 3; (4) in dismissing Bakambia's conspiracy and First Amendment retaliation claims on the basis that he did not satisfy the applicable pleading standards, *id.* at 3–8, 11; (5) in dismissing Bakambia's due process claims and "ignor[ing]" his theories underlying those claims, *id.* at 8–11; (6) in converting Bakambia's claims of "[m]isuse of force" and "use of force aiding and abetting" into "Excessive Use of Force" claims with a "higher [s]tandard," *id.* at 11; and (7) in "failing to address the Constitutionality of DOC Policy 303.010 'Discipline'" and purported violations of that policy by various Defendants, *id.* at 12.

For the reasons below, the Court overrules each of Bakambia's objections, affirms Magistrate Judge Foster's rulings, and adopts the R&R in full.

## I.      Meet-and-Confer Statement

Bakambia asserts that counsel for the Centurion Defendants committed fraud by misrepresenting that he attempted to confer with Bakambia regarding the Centurion Defendants' motion to dismiss in the meet-and-confer statement filed contemporaneously with the motion.  ECF No. 69 at 3–4.

In the disputed meet-and-confer statement, counsel for the Centurion Defendants stated that because Bakambia is incarcerated, he sent Bakambia a letter informing him of the Centurion Defendants' intent to file a motion to dismiss and noted that he did not receive a response to that letter.  ECF No. 64 at 1.  Bakambia contends that he never received the letter and that he contacted counsel for the Centurion Defendants upon being served the motion.  ECF No. 69 at 3.  Bakambia asserts that counsel for the Centurion

Defendants "attempted to use the prison mail issues to justify why [Bakambia] may not have received his letter." *Id.* Bakambia argues that the Magistrate Judge erred because she "fail[ed] to take judicial notice" of these facts in the R&R. ECF No. 82 at 2.

With limited exceptions, this District's Local Rules require that "a party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by [a] motion" before filing the motion. D. Minn. L.R. 7.1(a). But the "[a]pplication of local rules is a matter peculiarly within the district court's province," and "it is within the district court's broad discretion to determine what departures from its rules may be overlooked." *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1055 (8th Cir. 2025) (internal quotation marks omitted) (citation omitted).

Here, even assuming Bakambia's description of these events is accurate, Bakambia raises no argument that taking "judicial notice" of his version of events would have affected the disposition of the Centurion Defendants' motion to dismiss. The Court is unable to conceive a reason why it would have been relevant or useful to do so. Further, the Court observes that Bakambia himself has raised issues relating to delays with sending and receiving mail at MCF-Stillwater, which lends some credence to the claim that the letter was not timely delivered through no fault of counsel for the Centurion Defendants. Indeed, the Court cited those issues as the basis for extending the deadline for Bakambia to submit his objections to the R&R. *See* ECF No. 83 at 2–3.

Accordingly, the Court overrules this objection.

## II.    Failure To Address Allegations and Claims

Bakambia next asserts that Magistrate Judge Foster erred in granting the Centurion Defendants' motion to dismiss because the Centurion Defendants purportedly "failed to address many claims and allegations against them" and, instead, were "arguing facts from [a] previous case." ECF No. 82 at 2–3. Bakambia cites generally to *Kelsey v. Ewing*, 652 F.2d 4 (8th Cir. 1981), presumably for the proposition that "uncontested allegations must be taken as true in accordance with the Court's obligation to view the case in the light most favorable to the nonmoving party" on summary judgment. *Id.* at 5.

There are two problems with this objection. First, Bakambia does not identify which "claims and allegations," specifically, he contends the Centurion Defendants failed to address. For that reason alone, this objection should be overruled.

Second, the Eighth Circuit in *Kelsey* held that the district court erred in dismissing the plaintiff's claim because the district court—perhaps improperly—converted the defendant's motion to dismiss into a motion for summary judgment and then granted that motion, even though there were "a number of allegations in [the] complaint that [were] not addressed" by the defendant. 652 F.2d at 5–6. But on summary judgment, the nonmoving party must demonstrate that genuine issues of material fact exist in a dispute such that the moving party is not entitled to judgment as a matter of law. *See id.* at 5. Therefore, if the moving party has not rebutted a factual allegation that is material to the nonmoving party's claim, that unrebutted allegation may be sufficient to render summary judgment inappropriate. *See id.*

Here, there is no indication that Magistrate Judge Foster converted the Centurion Defendants' motion to dismiss, improperly or otherwise, into a motion for summary judgment. *See* ECF No. 77 at 16 (articulating the appropriate standard for analyzing a motion to dismiss under Rule 12(b)(6)). Further, when assessing a motion to dismiss under Rule 12(b)(6), a court generally presumes that the complaint's factual allegations are true and draws all reasonable inferences in the nonmoving party's favor. *Ingram v. Ark. Dep't of Corr.*, 91 F.4th 924, 927 (8th Cir. 2024); *see* ECF No. 77 at 16 (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1996)). It is therefore the nonmoving party's burden to show that the complaint "allege[s] sufficient facts to state a facially plausible claim for relief." *Ingram*, 91 F.4th at 927. In other words, the Centurion Defendants need not rebut or even address every factual allegation in Bakambia's complaint if those factual allegations, accepted as true, do not state a plausible claim for relief. *See id.*

For these reasons, this objection is overruled.

## III. "Normalizing" Purported Fraudulent and Deceptive Conduct

Bakambia asserts that Magistrate Judge Foster erred in "[n]ormalizing" Ghebre's "lies and fraudulent manipulation" of his medical records and Anderson's and Cerney's purported recording of "false incident [r]eports." ECF No. 82 at 3. Bakambia "stand[s] on his argument" in his memorandum in opposition to Defendants' motions to dismiss. *Id.*

The Court cannot discern the meaning or intent of this objection. Bakambia gestures vaguely at the purported "normalization" of various statements he contends are false and conduct he asserts is deceptive, but he offers no explanation for what, specifically, he finds erroneous or why the absence of any such "normalization" would require a different

outcome than what Magistrate Judge Foster recommends. Therefore, the Court overrules this objection. *See A.R.Y.L.L.R. v. Liang*, No. 07-cv-4517 (DSD/SRN), 2007 WL 4531505, at *1 (D. Minn. Dec. 19, 2007) (overruling "indecipherable" objections to an R&R).

## IV.    Dismissal of Conspiracy and First Amendment Retaliation Claims

Bakambia asserts that Magistrate Judge Foster erred in concluding that he has not pleaded sufficient facts to state plausible claims for conspiracy and First Amendment retaliation. *See* ECF No. 82 at 3–8. Bakambia appears to object to this conclusion for two reasons: (1) that Magistrate Judge Foster disregarded conclusory allegations in Bakambia's complaint and additional, un-pleaded factual matter that Bakambia included in his response to Defendants' motions to dismiss; and (2) that Magistrate Judge Foster "ignored plaintiff's possible theories that could plausibly prove his claim[s]." *Id.* Upon review of the record, the Court disagrees.

### A.    Conclusory Allegations and Un-Pleaded Facts

First, while courts generally accept the factual allegations in a complaint as true for purposes of assessing motions to dismiss under Rule 12(b)(6), this presumption of truth does not extend to "a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Ingram*, 91 F.4th at 927 (citation omitted). Further, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). And "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citation omitted); *cf. Perkins v. City of Minneapolis*, No. 23-cv-

3810 (LMP/ECW), 2025 WL 331858, at *5 n.6 (D. Minn. Jan. 29, 2025) (applying this principle where a pro se litigant raised un-pleaded facts in opposition to a motion for judgment on the pleadings under Rule 12(c)).

Therefore, Magistrate Judge Foster did not err to the extent she disregarded Bakambia's conclusory allegations and factual matter Bakambia raised for the first time in his response to Defendants' motions to dismiss.

## B.    Conspiracy

With those principles in mind, Bakambia's assertion that Magistrate Judge Foster erred in concluding that he did not satisfy the elements of his conspiracy claims is unavailing. As an initial matter, Bakambia here again attempts to introduce facts that are not contained within his pleadings and to offer legal conclusions couched as factual allegations. *See* ECF No. 82 at 4–7 (providing additional, un-pleaded factual allegations and assigning as error that "the Magistrate Judge concluded that [she] will exclude from consideration [Bakambia's] conclusory allegations that defendants lied"). As already explained, this is not permitted. *See Morgan Distrib. Co.*, 868 F.2d at 995. And regardless, conclusory allegations and legal conclusions drawn from the facts in a complaint are not entitled to the presumption of truth when assessing a motion to dismiss under Rule 12(b)(6). *See Ingram*, 91 F.4th at 927 (citation omitted) ("[Courts] need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts."); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. Threadbare recitals

10

of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Bakambia argues that Magistrate Judge Foster erred by "allowing [the] DOC defendants to construe" his conspiracy claims under section 1985(3) rather than section 1983. ECF No. 82 at 11. Bakambia raises a fair point: the first page of his complaint frames his claims as being raised under section 1983. *See* ECF No. 1 at 1. Nevertheless, the DOC Defendants construed Bakambia's claims under section 1985(3) in their motion to dismiss, ECF No. 55 at 13–14, and Bakambia did not squarely rebut or otherwise address that assertion in response, *see* ECF No. 69 at 16–18. Because he did not raise this argument before Magistrate Judge Foster, and she therefore could not address the merits of that argument, Bakambia has forfeited this objection.[4] *See Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (holding that a party objecting to a magistrate judge's R&R may not "make arguments in his objections . . . when those arguments have been neither argued to the magistrate judge nor addressed in the judge's report"); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-cv-3037 (SRN/LIB), 2011 WL 1486033, at *2

---

[4] Setting aside any issue of forfeiture, Bakambia has offered no argument, either in response to the DOC Defendants' motion or in his objections to the R&R, as to why construing his conspiracy claims under section 1983 would yield a different result. Regardless of whether his claims are construed under section 1983 or section 1985(3), Bakambia must allege facts showing a deprivation of his constitutional rights resulting from the purported conspiracy. *See Saunders v. Thies*, 38 F.4th 701, 715 (8th Cir. 2022). The factual allegations underlying Bakambia's conspiracy claims, whether construed under section 1983 or section 1985(3), relate to his First Amendment retaliation claim. ECF No. 1 at 36–38. For the reasons discussed in this Order, Bakambia has not plausibly alleged a First Amendment retaliation claim, so he cannot maintain his related conspiracy claim under either statute.

(D. Minn. Apr. 19, 2011) ("It is well settled that a district court, on review of a magistrate judge's order, may not consider new affidavits or arguments that were not presented to the magistrate judge in the first instance.").

Bakambia's argument that Magistrate Judge Foster "ignored [his] possible theories" that could support his conspiracy claim does not meaningfully address the basis for Magistrate Judge Foster's conclusion. To state a plausible claim under 42 U.S.C. § 1985(3), Bakambia must allege facts showing: (1) the existence of a conspiracy; (2) that the purpose of the conspiracy was to deprive him of the "equal protection of the laws, or of equal privileges and immunities under the laws"; (3) one or more conspirators committed an act in furtherance of the conspiracy; and (4) that he was injured or his legal rights were deprived as a result of the conspiracy. *Federer v. Gephardt*, 363 F.3d 754, 757– 58 (8th Cir. 2004) (first quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); and then citing 42 U.S.C. § 1985(3)). In addition, a section 1985(3) claim "requires proof of a class-based animus." *Id.* But a conspiracy inherently must involve more than one conspirator, and "a corporation cannot conspire with itself" because "a corporation and its agents are a single person in the eyes of the law." For purposes of claims under section 1985(3), this so-called intra-corporate conspiracy doctrine applies to agents of local government entities acting within the scope of their employment. *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 812 (8th Cir. 2012) (citation omitted).

Here, Magistrate Judge Foster concluded that Bakambia's section 1985(3) claim fails because he "has not alleged an actionable agreement within the meaning of that statute." ECF No. 77 at 18. Specifically, Magistrate Judge Foster determined that

12

Bakambia did not state a plausible section 1985(3) claim against Ghebre, Anderson, Cerney, Oberembt, Swanson, Bestgen, Warner, Hammer, Gary, Dobratz, and Schnell because he makes no particularized allegation that they reached any kind of agreement at all that would be relevant to his claims. *Id.* at 19. And even though he alleges sufficient facts to infer a possible agreement among Reid, Renstrom, and Corrado, Magistrate Judge Foster determined that his claim is precluded under the intra-corporate conspiracy doctrine because those DOC Defendants were acting within the scope of their employment when they committed the alleged acts in furtherance of the conspiracy. *Id.* Moreover, as it relates to both sets of Defendants for Bakambia's section 1985(3) claims, Magistrate Judge Foster found that Bakambia has not shown that any Defendant conspired against him based on any class-based discriminatory motive. *Id.* at 19.

Upon de novo review, the Court reaches the same conclusions as the R&R. Bakambia does not raise any particularized allegation that the first set of Defendants identified above entered into any kind of agreement within the meaning of section 1985(3), and, to the extent that he alleges such an agreement against the second set of Defendants, he raises no facts or argument that would show the intra-corporate conspiracy doctrine does not apply. Further, Bakambia does not allege that any of the Defendants entered an actionable agreement to deprive him of his rights based on any class-based discriminatory purpose. The Court finds no error in Magistrate Judge Foster's analysis.

For these reasons, the Court adopts Magistrate Judge Foster's findings and recommendation as to Bakambia's section 1985(3) conspiracy claims.

### C.    First Amendment Retaliation

As for Bakambia's First Amendment retaliation claim, Bakambia must allege facts that show: (1) he engaged in activity protected by the First Amendment; (2) Defendants took adverse action against him that "would chill a person of ordinary firmness from continuing the protected activity"; and (3) the adverse action "was motivated at least in part" by Bakambia engaging in protected activity. *Poemoceah v. Morton County*, 117 F.4th 1049, 1056 (8th Cir. 2024) (citation omitted). Generally, temporal proximity of a plaintiff's protected activity and the defendant's adverse action, while relevant, is "not enough on its own" to establish retaliatory motive. *Graham v. Barnette*, 5 F.4th 872, 889 (8th Cir. 2021).

Here, Magistrate Judge Foster discerned that the protected activity in which Bakambia alleges he engaged was prior litigation he had initiated against one or more Defendants. ECF No. 77 at 21. In his objection, Bakambia asserts that his claims were based on more than "the fact of him filing previous lawsuits," ECF No. 82 at 3, and asserts that he was placed in segregation in retaliation for an incident in the Health Services Unit at MCF-Stillwater in which Bakambia argued with Ghebre about whether he was supposed to undergo an X-ray of his left leg, *id.* at 4–8. Bakambia acknowledges that a notice of violation ("NOV") was written describing that incident and charging him with disorderly conduct, ECF No. 3-1 at 16, and that Warner reviewed the NOV, affirmed the charge, and ultimately disciplined Bakambia for the violation, *see* ECF No. 1 at 21, 37–38. Bakambia asserts, however, that the NOV contained false or inaccurate information about the incident. *Id.* at 21.

14

As an initial matter, the Court agrees with the Magistrate Judge's conclusion that Bakambia's First Amendment retaliation claims fail to the extent they are premised on prior litigation between Bakambia and any of the Defendants. There are no allegations in the complaint that suggest any Defendant was motivated by retaliatory animus to discipline or take adverse action against Bakambia because of that litigation.

Furthermore, Bakambia's allegation that the NOV contained false information cannot rescue his claims. A prisoner "has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation in grievances against prison officials." *Santiago v. Blair*, 707 F.3d 984, 993 (8th Cir. 2013) (citation omitted). But a prisoner cannot maintain a retaliation claim "if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). Consequently, a defendant may defeat a retaliatory discipline claim by showing "'some evidence' the inmate actually committed a rule violation." *Id.* Under that standard, a "report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014) (quoting *Hartsfield*, 511 F.3d at 831). Therefore, when there is a disciplinary decision affirming the charge, the inquiry "is not whether the prisoner alleges that prison officials retaliated against him for participating in constitutionally protected activity, but instead is whether the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation." *Id.*

15

(citation omitted).  Ultimately, "[i]f the disciplinary decision is supported by 'some evidence,' the filing of the charge may not be the basis for a retaliatory-discipline claim." *Id.*; *see also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (holding that a disciplinary decision affirming a charge "based on some evidence of the violation . . . essentially checkmates [a] retaliation claim").

Here, Bakambia's own allegations and exhibits attached to his complaint undermine his retaliation claim.  While Bakambia disputes the accuracy of the NOV, he acknowledges that there is "some evidence" that he behaved in a disorderly manner.  *See* ECF No. 1 at 19 (alleging that Corrado told Bakambia, "You cannot be talking to these people like that."). Further, Cerney recorded her account of the incident and stated that Bakambia raised his voice and talked over Ghebre and that "the tone and volume of his voice made [her] concerned for the health service staff."  ECF No. 3-1 at 14.  And although Bakambia now asserts that Warner "rushed the [h]earing" on the NOV, ECF No. 1 at 21, and was not "impartial," *id.* at 40, it appears that Bakambia did not actually contest the charge and, in fact, elected not to have a hearing, ECF No. 3-1 at 15.  Indeed, Bakambia executed a form titled "Waiver of Hearing" which states, "I ADMIT TO THE VIOLATION AS LISTED ABOVE AND WAIVE MY RIGHT TO ALL PROCEDURAL RIGHTS INCLUDING APPEAL."  *Id.*

Because "the disciplinary decision is supported by 'some evidence,' the filing of the charge may not be the basis for a retaliatory-discipline claim."  *Sanders*, 773 F.3d at 190. Accordingly, the Court adopts the R&R's recommendation that Bakambia's First Amendment retaliation claims should be dismissed.

## V.    Dismissal of Due Process Claims

Relatedly, Bakambia asserts Magistrate Judge Foster erred in dismissing his due process claims because she "ignored" that Warner "withheld [e]xculpatory [e]vidence" at the hearing on his NOV.  ECF No. 82 at 8–11.  Bakambia generally asserts that his right to due process was violated because he was denied the opportunity to call witnesses and present evidence that he claims would show that the NOV was based on false accounts of the Health Services Unit incident discussed above.  *See id.*

To state a claim for a Fourteenth Amendment due process violation, Bakambia must plead facts that demonstrate he was deprived of a liberty interest because of government action.  *See Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  In the context of a prisoner such as Bakambia, whose liberty is already restrained, the prisoner must identify conditions that "impose[] atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Id.* at 847 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Magistrate Judge Foster recommends that Bakambia's due process claim be dismissed because the claim "is premised on his actual and threatened placement in segregation" and he "does not have a protected liberty interest in being free from arbitrary placement in segregation."  ECF No. 77 at 25.  Upon de novo review, the Court agrees for two reasons.

First, the Eighth Circuit has explained that prisoners have no constitutionally protected liberty interest in having "prison officials follow prison regulations."  *Phillips*, 320 F.3d at 847.  Instead, "any liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the state believes it can

17

best determine how he should be confined.'" *Id.* (quoting *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).  Therefore, Bakambia's due process claim cannot be maintained to the extent it is premised on alleged procedural violations relating to the NOV because the Court may not "consider the procedures used to confine [him] to segregation." *Id.*

Second, as already discussed, Bakambia's allegations are undermined by the documents he himself attached to his pleadings.  Bakambia executed a "Waiver of Hearing" relating to the NOV, which reads, "I ADMIT TO THE VIOLATION AS LISTED ABOVE AND *WAIVE MY RIGHT TO ALL PROCEDURAL RIGHTS* INCLUDING APPEAL." ECF No. 3-1 at 15 (emphasis added).  Bakambia does not assert that this "Waiver of Hearing" was falsified, and he cannot maintain a claim for violation of his due process rights when he has elected to give up those rights.  *Hewlett v. Kallis*, No. 19-cv-1123 (WMW/LIB), 2020 WL 1359679, at *6 (D. Minn. Jan. 7, 2020), *report and recommendation adopted*, 2020 WL 1333134 (D. Minn. Mar. 23, 2020) (holding that a prisoner "was not deprived of constitutional due process because [he] waived his opportunity to call witnesses and present evidence" at a disciplinary hearing).

The Court therefore agrees with Magistrate Judge Foster and adopts her recommendation as to Bakambia's due process claims.

## VI.    "Use of Force" Claims

Bakambia asserts that Magistrate Judge Foster erred in converting his claims for "misuse of force" and "aiding and abetting misuse of force" into claims for "excessive use of force" under the Eighth Amendment.  ECF No. 82 at 11.  Bakambia argues that the latter

18

is subject to a "higher [s]tandard" than the former. He cites no authority in support of that proposition. He does not articulate how the standard applied by Magistrate Judge Foster was erroneous or otherwise explain what he believes the appropriate standard to be. *See id.* And as a general matter, there is nothing objectionable about considering Bakambia's claims through the lens of the Eighth Amendment. After all, it is the Court's duty to "construe [a pro se] complaint in a way that permits the [pro se plaintiff's] claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court therefore does not discern a specific objection to Magistrate Judge Foster's findings and does not otherwise detect any error in the analysis. Consequently, this objection is overruled.

## VII.   Constitutionality of DOC Policy

Finally, as to his last objection, Bakambia asserts that Magistrate Judge Foster erred in failing to address a cause of action he purportedly raised relating to the constitutionality of the DOC's disciplinary policies. *See* ECF No. 82 at 12. Bakambia appears to argue that the grievance policy, as implemented by the DOC Defendants and applied to his claims relating to his placement in segregation following the Health Services Unit incident, is constitutionally inadequate because he was not "afforded representation" or permitted to "call witnesses." *See id.* Bakambia asserts that the DOC Defendants purposefully misclassified his disorderly conduct charge as "minor" because, under the policy, "major" charges require the DOC Defendants to permit the accused inmate the right to have legal representation and to call witnesses. *See id.*

19

As an initial matter, Bakambia appears to acknowledge that Magistrate Judge Foster addressed these concerns, perhaps indirectly, in addressing his broader due process claims. *See id.* ("This Claim was slightly mentioned in the R&R at 24, but not addressed as a claim[] and cause of action which was asserted in the Complaint . . . ."). To the extent Bakambia asserts as error that Magistrate Judge Foster did not address this issue, his objection is overruled.

Regardless, Bakambia's objection fails on the merits. "[A] transfer to administrative segregation requires only informal, nonadversary due process procedures." *Spann v. Lombardi*, 65 F.4th 987, 992 (8th Cir. 2023). As the Eighth Circuit has explained:

> Informal due process requires only some notice of the reasons for the inmate's placement and enough time to prepare adequately for the administrative review. An inmate must be given an opportunity to present *his views* to a neutral decisionmaker, but *is not entitled to a hearing with the inmate present*. If the prison chooses to hold hearings, *inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses*.

*Id.* (citation modified) (emphasis added). As such, Bakambia was not entitled to call witnesses and, indeed, was not even entitled to an evidentiary hearing as a matter of constitutional due process. Further, Bakambia offers only conclusory allegations, without additional factual support, that Warner was not impartial when he reviewed the charge against Bakambia. Consequently, such allegations are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678; *Ingram*, 91 F.4th at 927.

Moreover, Bakambia's own pleadings and the exhibits he submitted into the record undermine his claim that his right to due process was violated or that the procedures the DOC Defendants used in placing him in administrative segregation were constitutionally

20

deficient. Bakambia acknowledges that Hammer conducted a "pre-hearing" with him in which the charge was discussed, including Bakambia's allegation that the charge against him was based on false information. *See, e.g.*, ECF No. 1 at 22, 37, 39. As already discussed, there was sufficient evidence to conclude that Bakambia committed the violation of which he was accused. *See id.* at 19; ECF No. 3-1 at 14, 16. And in any event, Bakambia executed a "Waiver of Hearing" in which he not only gave up a hearing on the disorderly conduct charge but also admitted to the violation and waived his procedural rights, including any right to appeal the disciplinary decision. *See* ECF No. 3-1 at 15.

In sum, Bakambia's own pleadings and exhibits demonstrate that he received all the process he was due. As a result, the Court overrules this objection.

## CONCLUSION

Having reviewed Bakambia's multiple objections and conducted a de novo review of the issues he raises, the Court finds no error in Magistrate Judge Foster's findings and conclusions. As a result, the Court overrules Bakambia's objections and adopts the R&R in full.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.     Bakambia's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 82) are **OVERRULED**;

2.     The Report and Recommendation entered on May 23, 2025 (ECF No. 77), is **ADOPTED** in its entirety;

3.      The Centurion Defendants' Motion to Dismiss (ECF No. 62) is **GRANTED**;

4.      The DOC Defendants' Motion to Dismiss (ECF No. 54) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      Bakambia's Eighth Amendment deliberate indifference claim (Count IV) against Defendants Reid and Oberembt for injunctive relief (in their official and individual capacities) and monetary relief (in their individual capacities) may proceed;

      b.      Bakambia's Eighth Amendment deliberate indifference claim (Count IV) against Defendant Oliveras for monetary relief (in his individual capacity) may proceed; and

5.      All other claims and Defendants identified in Bakambia's Complaint (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE**.

Dated: September 3, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge