UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Amouri Bakambia, | Case No. 24-cv-3653 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Alexandra Hart, *in her official capacity*, <br> Kathy Reid, *in her individual capacity*, <br> Chrstine Oberembt, *in her individual and official capacities*, and <br> Michael Oliveras, *in his individual and official capacities*, | |
| Defendants. | |

This matter is before the Court on Plaintiff Marc Amouri Bakambia's self-styled *Unopposed Motion for Substitution of Parties Pursuant to Fed. R. Civ. P. 25(a)(1) & (d)* ("Motion") (ECF No. 99). Mr. Bakambia is a prisoner at the Minnesota Correctional Facility-Lino Lakes ("MCF-Lino Lakes"). (*Id.* at 2.) Defendants either are or were employees of the Minnesota Department of Corrections. (ECF No. 1 at 10.) Mr. Bakambia is suing Defendants Reid and Oberembt in their individual and official capacities and Defendant Oliveras in his individual capacity. (*See* ECF No. 93 at 22.) After the start of these proceedings, Defendant Kathy Reid passed away. (ECF No. 86 at 1 n.1.)

Mr. Bakambia's Motion seeks to substitute Defendant Reid with Alexandria Hart, her official successor, pursuant to Rule 25 of the Federal Rules of Civil Procedure. (ECF No. 99; ECF No. 105, identifying Ms. Hart as the person Mr. Bakambia wishes to substitute.) Defendants do not object to the substitution as it relates to Mr. Bakambia's official capacity claims against Ms. Reid, but they otherwise oppose the Motion. (ECF No. 105.) They argue that the individual capacity claims

against Ms. Reid "were extinguished upon her death." (*Id.*)  The Court agrees that Mr. Bakambia cannot substitute Ms. Hart for Ms. Reid with respect to his individual capacity claims against Ms. Reid.  "Individual capacity suits seek to impose only personal liability upon a government official, meaning the remedy in a successful individual capacity claim does not extend to the official's office."  *Attwood v. Clemons*, 526 F. Supp. 3d 1152, 1163 (N.D. Fla. 2021).  The mere fact that Ms. Hart is Ms. Reid's official successor does not mean she is Ms. Reid's personal successor in interest.  The Court therefore grants Mr. Bakambia's Motion insofar as Ms. Hart is substituted for Ms. Reid in her official capacity and denies Mr. Bakambia's Motion to substitute Ms. Hart for Ms. Reid in her individual capacity.[1]

The Motion also seeks to add new parties.  (ECF No. 99 at 2.)  Mr. Bakambia was recently transferred from MCF-Stillwater, where the events that gave rise to this lawsuit occurred, to MCF-Lino Lakes.  (ECF No. 99 at 2.)  Given this change, Mr. Bakambia wants to add new defendants who are officials stationed at MCF-Lino Lakes and hold the same positions as Ms. Hart and Ms. Oberembt hold at MCF-Stillwater.  (*Id.*)  But the Court has allowed Mr. Bakambia's lawsuit to proceed only insofar as he asserted specific instances of deliberate indifference to his medical needs in his complaint.  Specifically, he alleges Ms. Reid and Ms. Oberembt unlawfully delayed the scheduling of his medical appointments while he was at MCF-Stillwater.  (*See* ECF No. 1 at 42.)  He has not alleged facts to support the addition of any claims against officials at MCF-Lino Lakes.  For these reasons, the Court denies Mr. Bakambia's request to add new defendants to this action.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY**

---

[1] The Court does not reach the question of whether Mr. Bakambia's claim against Ms. Reid in her individual capacity was extinguished upon her death as a motion to dismiss that claim has not been presented.

**ORDERED THAT** Plaintiff Marc Amouri Bakambia's self-styled *Unopposed Motion for Substitution of Parties Pursuant to Fed. R. Civ. P. 25(a)(1) & (d)* (ECF No. 99) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant Alexandria Hart in her official capacity is hereby substituted for Defendant Kathy Reid in her official capacity and the Clerk of Court is directed to amend the docket to reflect the substitution.

2. The Motion is **DENIED** in all other respects.

Dated: October 17, 2025

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge