UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marc Amouri Bakambia, | Case No. 24-cv-3653 (LMP/DJF) |
| Plaintiff, | |
| v. | |
| Alexandra Hart, *in her official capacity*, | ORDER |
| Kathy Reid, *in her individual capacity*, | |
| Chrstine Oberembt, *in her individual and official capacities*, and | |
| Michael Oliveras, *in his individual capacity*, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Marc Amouri Bakambia's *Motion for a More Definite Answer to Complaint; and Motion for Other Relief Regarding Adequate Access to Law Library* ("Motion") (ECF No. 107). Mr. Bakambia is a prisoner who was recently transferred to the Minnesota Correctional Facility-Lino Lakes ("MCF-Lino Lakes") from the Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"). (ECF No. 108 at 1-2.) Defendants either are or were Minnesota Department of Corrections employees stationed at MCF-Stillwater. (ECF No. 1 at 10.) The Motion asks the Court to: (1.) direct Defendants to amend their answer because Mr. Bakambia believes it is evasive; and (2.) order that he be provided "two hours per week for law library in order to allow him to prepare for this case." (ECF No. 107.) For the reasons stated below, the Court denies the Motion.

Mr. Bakambia wants Defendants to amend their answer pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, but his argument is meritless. (ECF No. 108 at 3.) Rule 12(e) only applies to a pleading "to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). An answer is not a pleading that calls for a responsive pleading, unless the Court orders a reply, *see* Fed. R. Civ. P.

7(a)(7). The Court has not ordered a reply, therefore, Mr. Bakambia's reliance on Rule 12(e) is misplaced, and the Court denies his request.

The Court also denies Mr. Bakambia's request for an order that he receive more time in the law library. Mr. Bakambia states he is limited to 30-minute windows of time for the law library, which he does not believe is adequate to allow him to litigate this matter. (ECF No. 108 at 2.) He also states these 30-minute windows include the time it takes to receive a pass from the living unit staff and to walk to the law library. (ECF No. 109 at 1-2.) Mr. Bakambia further states he is limited to law library time once "a week, or other week or even per month." (*Id.* at 1.) The manner MCF-Lino Lakes allocates law library time is a matter of prison administration. The Court therefore must act with restraint in deciding whether to compel the prison to change how it operates. *See Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Mr. Bakambia's own exhibits show that he has been scheduled for three separate law library time slots within a week of each other. (ECF No. 114 at 1-5.) Moreover, he received an hour-long time slot the following week, and the law librarian told Mr. Bakambia that he may request hour-long time slots in the future. (*Id.* at 7.) Thus, the evidence in record shows that Mr. Bakambia's situation is not as dire as he believes it to be and does not warrant Court intervention. That being said, if Mr. Bakambia is unable to meet a court-ordered deadline because of a lack of law library availability, he may file a motion requesting additional time and stating the reasons why an extension is warranted.[1]

---

[1] Before filing such a motion, he must meet-and-confer in good faith with opposing counsel about the motion, as he did for this Motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED THAT** Plaintiff Marc Amouri Bakambia's *Motion for a More Definite Answer to Complaint; and Motion for Other Relief Regarding Adequate Access to Law Library* (ECF No. 107) is **DENIED**.

Dated: October 22, 2025        *s/ Dulce J. Foster*
                               Dulce J. Foster
                               United States Magistrate Judge