UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marc Amouri Bakambia, | Case No. 24-cv-3653 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Alexandria Hart, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Marc Amouri Bakambia's *Motion to Amend Complaint* (ECF No. 134) ("Motion").  Mr. Bakambia is an inmate at the Minnesota Correctional Facility in Lino Lakes, Minnesota (ECF No. 98), and he is suing Defendants for constitutional violations stemming from their alleged delay in scheduling medical appointments for him and denial of access to his prescribed medication during his incarceration (ECF No. 134 at 2-3).  Plaintiff's Motion seeks the Court's leave to file an Amended Complaint in this matter to add new Defendants who were allegedly responsible for scheduling his medical appointments and remove Defendants whom the Court previously dismissed.  (*Id.* at 1.)

The new Defendants are: "Tammey Maenke, Centurion CONTRACTED Medical Scheduler"; "Jill Cairns, Centurion CONTRACTED Medical Scheduler"; and "Bett Garnett, Centurion CONTRACTED Medical Scheduler."  Plaintiff is suing them in their individual and official capacities.  (*See* ECF No. 135 at 1.)  The Court construes the official capacity claims against these new Defendants as claims against their employer, Centurion.  (*See id.* at 4, alleging new Defendants are Centurion employees); *see also Headley v. Duty*, No. 3:25-cv-503 (CEA), 2025 WL 2940815, at *3 (E.D. Tenn. Oct. 16, 2025) ("Suit against medical-provider employees in their

official capacities is suit against the contract provider itself."). Defendants have not objected to the Motion (*id.* at 4), and they have not filed any response to it. The Court therefore deems the Motion unopposed and grants it.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Marc Amouri Bakambia's *Motion to Amend Complaint* (ECF No. 134) is **GRANTED**.

2. The Court directs the Clerk of Court to mark Mr. Bakambia's proposed Amended Complaint (ECF No. 135) as his Amended Complaint.

3. Mr. Bakambia must submit a properly completed a Marshal Service Form (Form USM-285) for each new Defendant and their employer, Centurion. The Court may recommend dismissing Mr. Bakambia's claims against the new Defendants and Centurion without prejudice for failure to prosecute if Mr. Bakambia does not return the forms on or before **February 2, 2026**. The Court directs the Clerk of Court to provide Mr. Bakambia with the necessary forms.

4. After receiving the completed Marshal Service Forms, the Clerk of Court shall seek waivers of service from the new Defendants, in their individual capacities, and Centurion as required by Rule 4(d) of the Federal Rules of Civil Procedure.

5. If a defendant fails without good cause to sign and return a waiver within 30 days of its mailing, the Court will require that defendant to pay the expenses incurred in effecting service. Reimbursement of service costs is mandatory absent a showing of good cause and

applies whenever a defendant does not sign and return a waiver. *See* Fed. R. Civ. P. 4(d)(2).

Dated:  January 6, 2026                             *s/ Dulce J. Foster*
                                                                             Dulce J. Foster
                                                                             United States Magistrate Judge