**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Marc Amouri Bakambia, | Case No. 24-cv-3653 (LMP/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Alexandria Hart; Michael Oliveras; Christine Oberembt; Tammy Maenke; Jill Cairns; Beth Garnett; and Centurion, | |
| Defendants. | |

This matter is before the Court on Defendants Tammy Maenke, Jill Cairns and Beth Garnett's Motion to Dismiss (ECF No. 173) and Defendants Tammy Maenke, Jill Cairns, Beth Garnett, and Centurion's ("Defendants", collectively) Amended Motion to Dismiss (ECF No. 184).[1] Plaintiff Marc Amouri Bakambia is incarcerated at the Minnesota Department of Corrections' ("DOC") Minnesota Correctional Facility – Lino Lakes. (ECF No. 135 at 21.) Mr. Bakambia's claims stem from events at his previous place of incarceration, Minnesota Correctional Facility – Stillwater. (*See generally* ECF No. 135.) Centurion is a private entity that provides services to the DOC; Ms. Maenke, Cairns, and Garnett ("Individual Centurion Defendants", collectively) are Centurion employees. (*Id.* at 4.) Among other things, Defendants provide off-site medical appointment scheduling services for the DOC. (*Id.* at 21.) Mr. Bakambia's Amended Complaint alleges Defendants were deliberately indifferent to his medical needs because they allegedly delayed the scheduling of an off-site medical appointment with Dr. Todd, a neurologist at the Noran

---

[1] Defendants filed an Amended Motion to Dismiss to add Centurion as a movant. (ECF No. 184.) They did not alter their memorandum of law supporting their original Motion to Dismiss.

Neurological Clinic, without a justifiable basis for doing so in 2024.[2]  (ECF No. 135 at 17-18.)

Defendants move to dismiss on the ground that Mr. Bakambia has failed to state a claim.  (ECF No.

176.)  For the reasons stated below, the Court recommends Defendants' Motions to Dismiss be

granted.

## I.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate when a plaintiff

fails "to state a claim upon which relief can be granted."  In deciding a motion to dismiss under Rule

12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences

from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187

(8th Cir. 1986).  In doing so, however, a court need not accept as true conclusory allegations, *Hanten*

*v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by

the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Courts exclude from consideration all "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements …."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In

addition to the allegations in the complaint, a court deciding a motion to dismiss under Rule 12(b)(6)

may consider matters of public record, orders, materials that do not contradict the complaint and are

embraced by the complaint, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall*

*Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

[2] Mr. Bakambia asserts these same claims against Defendants Alexandria Hart and Christine Oberembt.  He also asserts a separate deliberate indifference claim against Defendant Michael Oliveras, but that claim stems from events that are not relevant to Mr. Bakambia's claims against the Centurion Defendants.  (*See* ECF No. 135 at 15-16, 18-19.)

## II. Individual Centurion Defendants

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotations and citations omitted). To successfully plead a claim of deliberate indifference, a plaintiff must demonstrate: (1.) that he suffered from an objectively serious medical need; and (2.) **that the defendant knew of the need** and yet deliberately disregarded it. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (emphasis added). The second prong of this analysis requires the Court to consider "the official's knowledge at the time in question," not what the official knew after the violation occurred. *Id.* at 915.

Mr. Bakambia's Amended Complaint fails to adequately allege that the Individual Centurion Defendants knew of his medical need. The Amended Complaint makes the following non-conclusory allegations concerning the Individual Centurion Defendants: (1.) They work for Centurion in order to "keep scheduling activities of all off-site appointments scheduled or deferred" (ECF No. 135 at 4; *see also id.* at 17); (2.) They "report to the defendants Hart and Oberembt … any requests that are deferred by [Centurion]" (*id.* at 14; *see also id.* at 17-18); and (3.) They "repeatedly failed to schedule neurologist follow-up appointments ordered by the practitioners" (*id.* at 18). Aside from a conclusory allegation that Individual Centurion Defendants acted with reckless disregard (*see id.* at 17), nowhere does Mr. Bakambia allege that the Individual Centurion Defendants knew of his medical conditions. Mr. Bakambia alleges the Individual Centurion Defendants knew that he had medical appointments, but Mr. Bakambia does not allege any of the Individual Centurion Defendants had any medical expertise, would have known whether those medical appointments were meant to address a serious medical need, or would have appreciated the medical significance of delaying his appointments. *See Doe v. Frakes*, No. 8:20-cv-128 (BCB),

2022 WL 2373825, at *8 (D. Neb. June 30, 2022) (finding plaintiff failed to adequately allege deliberate indifference claim because she did not allege defendant knew plaintiff had been diagnosed with gender dysphoria or would have known of a need for treatment); *Woodward v. Kelley*, No. , 2020 WL 5754009, at *5-6 (E.D. Ark. Aug. 28, 2020) (quoting *Jones v. Minnesota Dep't of Corrs.*, 512 F.3d 478, 483 (8th Cir. 2008)) (finding plaintiff failed to allege deliberate indifference claim because defendant was not a medical professional and plaintiff did not "allege facts sufficient to demonstrate that even a layperson, like [defendant], would have easily recognized the need for medical treatment"). "To establish a constitutional violation, it is not enough that a reasonable [prison] official should have known of the risk. Rather, the plaintiff must demonstrate that the official actually knew of the risk and deliberately disregarded it." *Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) (citation modified). Because Mr. Bakambia's Amended Complaint fails to adequately allege the Individual Centurion Defendants knew of his serious medical need and any potential medical risks involved in delaying his appointments, the Court recommends the Motions to Dismiss be granted as to these individuals.

### III. Centurion

Though Mr. Bakambia did not name Centurion specifically in his Amended Complaint, he sued the Individual Centurion Defendants in their *official* and individual capacities. (ECF No. 167 at 1.) Because the Individual Centurion Defendants work for Centurion, a private entity, the Court construed his official capacity claims as claims asserted against Centurion. (ECF No. 138.) To state a Section 1983 claim against a private entity, a plaintiff must allege the entity maintained a policy or custom that caused the constitutional violation or that the constitutional violation was due to the entity's failure to properly train or supervise its employees. *See Lux by Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989). Mr. Bakambia's Amended Complaint fails to make any allegation

concerning Centurion's policies or customs, nor does it allege that Centurion failed to train or supervise its employees. In the absence of such allegations, the Court concludes that the Amended Complaint fails to state a claim of deliberate indifference against Centurion. For this reason, the Court recommends the Amended Motion to Dismiss be granted as to Centurion.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants Tammy Maenke, Jill Cairns and Beth Garnett's Motion to Dismiss (ECF No. 173) be **GRANTED**;

2. Defendants Tammy Maenke, Jill Cairns, Beth Garnett, and Centurion's Amended Motion to Dismiss (ECF No. 184) be **GRANTED**; and

3. All claims against Defendants Maenke, Cairns, Garnett, and Centurion be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 26, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).