**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Marc Amouri Bakambia,                                   Case No. 24-cv-3653 (LMP/DJF)

           Plaintiff,

v.                                                                          **ORDER**

Alexandria Hart, et al.,

           Defendants.

This matter is before the Court on Plaintiff Marc Amouri Bakambia's *Motion to Enforce Court Order re [211] and for Appropriate Sanction Pursuant to Fed. R. Civ. P. 37* ("Motion") (ECF No. 214).  For the reasons given below, Plaintiff's Motion is denied.

On May 8, 2026, the Court granted Plaintiff's motion to compel (ECF No. 147) in part. (ECF No. 211.)  The Court's Order directed Defendants to supplement their responses and answers to certain document requests and interrogatories from Plaintiff.  (*Id*.)  Defendants served Plaintiff with supplemental responses and answers on June 22, 2026.  (ECF Nos. 217, 218.)  Plaintiff argues Defendants' supplemental responses to his Interrogatory No. 10 and Request for Production Nos. 5, 11, and 14 remain deficient.  He seeks an order enforcing the Court's previous Order and awarding sanctions against Defendants for failing to comply with it.

Plaintiffs' Motion is without merit.  The Court's Order (ECF No. 211) explicitly states, with respect to each of the document requests at issue, "If no responsive documents are located, Defendants must provide a statement attesting to that conclusion."  The Order similarly states, with respect to Interrogatory 10, "If Defendants are unable to confirm or deny some or any of this information, they may respond accordingly."  Defendants' supplemental responses included a contemporaneous production of additional documents and confirmed that Defendants searched for

the Documents as ordered, but affirmatively stated Defendants did not locate any documents other than those previously and contemporaneously produced. (*See* ECF No. 217.) Defendants similarly provided a more detailed answer to Interrogatory No. 10 but stated the employee in question did not have sufficient recollection of the incident at issue to provide more information. (*See* ECF No. 218.)

Plaintiff objects to these responses and answers because they do not give him all the information he wants, but he offers no credible evidence to support his contention that Defendants are deliberately withholding information (*see* ECF No. 215 at 7-8).[1] The Court cannot order Defendants to produce documents or other information they cannot locate after conducting a diligent search for it. Upon reviewing the record, the Court concludes that Defendants have satisfied their obligations under the May 8, 2026 Order. Plaintiff's Motion is denied accordingly.

**SO ORDERED**.

Dated: July 2, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

---

[1] Plaintiff also complains that Defendants failed to provide the name of the Centurion employee who helped gather the additional documents they produced. (*See* ECF No. 215 at 6.) Because Plaintiff did not request that information and the Court did not order Defendants to produce it, this argument is without merit.