**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Marc Amouri Bakambia,

Plaintiff,

v.

Alexandria Hart, Michael Oliveras, and Christine Oberembt,

Defendants.

Case No. 24-cv-3653 (LMP/DJF)

**ORDER**

---

This matter is before the Court on Plaintiff Marc Bakamabia's *Motion to Strike Declaration of Defendant Oliveras (ECF No. 234) Pursuant to Fed. R. Civ. P. 56(h) and Sanction Pursuant to Rule 11* (ECF No. 244.) The motion is **DENIED** for the following reasons.

Mr. Olivares filed two declarations in support of Defendants' Motion for Summary Judgment: a declaration filed July 6, 2026 with Defendants' motion (ECF No. 234) ("First Declaration"); and a declaration filed August 17, 2026 with Defendants' reply memorandum (ECF No. 250) ("Second Declaration"). Mr. Bakambia moves to strike the First Declaration and for sanctions because he believes Mr. Olivares intentionally lied in the First Declaration.

Defendants' Motion for Summary Judgment (ECF Nos. 229, 230) and Mr. Oliveras' First Declaration describe events involving Mr. Oliveras as occurring in June 2023 instead of June 2024, when they actually occurred. (*See* ECF Nos. 230 and 234.) Mr. Oliveras' Second Declaration explains that "2023" was a clerical error and acknowledges that the events described occurred in 2024. (ECF No. 250.) Mr. Bakambia seeks sanctions on the basis that this error was a deliberate misrepresentation.

In addition, Mr. Bakambia disputes a representation Mr. Olivares made in his First

Declaration regarding when Mr. Bakambia was released from segregation. The First Declaration states that Mr. Bakambia was released in the morning on June 11, 2024, but Mr. Bakambia insists, with documentary support, that he was released in the afternoon that day. (ECF No. 244 at 2.) Mr. Bakambia also notes that in response to discovery requests, Mr. Olivares stated he did not remember the events, yet he was capable of describing them later in his First Declaration. (*Id.*)

If the Court is satisfied that a party submitted an affidavit in bad faith or solely for delay, Federal Rule of Civil Procedure 56(h) permits the Court to order the submitting party to pay the other party's reasonable expenses resulting from the challenged affidavit. Imposition of sanctions under this rule is appropriate only in "rare" circumstances. *Gard v. Dooley*, No. 4:14-CV-04023-LLP, 2015 WL 9451044, at *11 (D.S.D. Dec. 23, 2015) (quoting *Fort Hill Builders, Inc. v. National Grange Mutual*, 866 F.2d 11, 16 (1st Cir. 1989)). The First Circuit has stated that the conduct justifying sanctions must be "particularly egregious." *Id.* The Tenth Circuit requires a finding of bath faith intent, not merely negligence or mistake, for the necessary showing of bad faith. *Hunt-Brown v. New Mexico Gen. Servs. Dep't*, 828 F. Supp. 3d 1226, 1234 (D.N.M. 2026) (citation omitted).

The Court is not satisfied that Mr. Olivares submitted his First Declaration in bad faith or solely for delay. At most, to the extent there are factual errors in his First Declaration, the Court sees nothing more than negligence or mistake, which do not justify sanctions. Moreover, the Court cannot conclude Mr. Olivares' First Declaration is false merely because it recites details he could not previously recall. In the course of litigation, a witness's recollection may become refreshed upon reviewing relevant documents other evidence. Though Mr. Olivares' initial lack of recollection might establish fodder for cross-examination, it does not establish grounds for sanctions.

Furthermore, the inconsistencies Mr. Bakambia challenges are not material. "Case law

makes clear that no sanctions will be imposed under Rule [56(h)] unless the court relies on the false affidavit in ruling on the summary judgment motion." *In re Russell*, No. ADV 10-09112, 2011 WL 1356709, at *2 (Bankr. N.D. Iowa Apr. 8, 2011). The Court did not rely on Mr. Olivares's "2023" mistake, or his recollection that Mr. Bakambia was released from segregation in the morning on June 11, 2024, in its concurrently filed Report and Recommendation. Sanctions are thus unwarranted.

Mr. Bakambia seeks Rule 11 sanctions for the same purported factual errors. His request for Rule 11 sanctions is denied, both because the evidentiary record does not support them and because he did not comply with the "safe harbor" provision of that rule. A Rule 11 motion for sanctions may only "be filed or ... presented to the court" if "the challenged paper, claim, defense, contention, or denial" is not "withdrawn or appropriately corrected" within the 21–day period after the motion is served (but not filed) on the opposing party. Fed. R. Civ. P. 11(c)(2). Parties are required to comply with this strict procedural rule. *Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102 (8th Cir. 2024). Mr. Bakambia did not provide Defendants with the requisite 21-day notice of filing a motion for Rule 11 sanctions (*see* ECF No. 252 at 2). His motion is therefore denied.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that:

1. Plaintiff's *Motion to Strike Declaration of Defendant Oliveras (ECF Nos. 234) Pursuant to Fed. R. Civ. P. 56(h) and Sanction Pursuant to Rule 11* (ECF No. 244) is **DENIED.**

Dated: September 4, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge